UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | |
|---|---|
| STEVEN LEON DAVIS, Individually and as Personal Representative of the Estate of Mary Alice Davis, Deceased,<br>   *Plaintiff*,<br><br>  *vs.*<br><br>WILLIAM RYAN SUTHERLAND, M.D., HIRISADARAHALLY NAGARAJA, M.D., and UNION HOSPITAL, INC.,<br>   *Defendants.* | 2:12-cv-00373-JMS-WGH |

### ORDER TO FILE JOINT JURISDICTIONAL STATEMENT

Plaintiff Steven Leon Davis, individually and as personal representative of the Estate of Mary Alice Davis, deceased, filed a Second Amended Complaint against Defendants William Ryan Sutherland, M.D., Hirisadarahally Nagaraja, M.D., and Union Hospital, Inc. ("Union") alleging that diversity jurisdiction exists over this matter.[1] [Dkt. 31 at 2, ¶ 3.] Mr. Davis alleges that: (1) he is a citizen of Illinois as was the decedent, [*id.* at 1, ¶ 1]; (2) Dr. Sutherland is a citizen of Kentucky, [*id.* at 1, ¶ 2]; (3) Dr. Nagaraja is a citizen of Indiana, [*id.*]; (4) Union is an Indiana corporation with its principal place of business in Indiana, [*id.*]; and (5) the amount in controversy, "without interests and costs, exceeds the sum or value of $75,000…," [*id.* at 2, ¶ 3].

Dr. Nagaraja and Union have answered Mr. Davis' Second Amended Complaint. [Dkts. 32; 33.] In his Answer, Dr. Nagaraja admits that he is an Indiana citizen, [dkt. 32 at 1, ¶ 2], but denies Mr. Davis' other jurisdictional allegations, [*id.* at 1, ¶¶ 2-3]. In its Answer, Union admits

---

[1] Mr. Davis named Associated Physicians & Surgeons Clinic, LLC as a defendant in earlier complaints, but dismissed it before filing the Second Amended Complaint because he determined that its presence as a defendant would destroy the Court's diversity jurisdiction. [*See* dkt. 25.]

that it is a "domestic corporation[2] with its principal place of business in Indiana," [dkt. 33 at 1, ¶ 2], but states that it is without sufficient information to admit or deny Mr. Davis' other jurisdictional allegations, [*id.* at 1-2, ¶¶ 2-3]. Dr. Sutherland has not yet answered the Second Amended Complaint.

The Court must independently determine whether proper diversity among the parties exists. *Thomas v. Guardsmark, LLC*, 487 F.3d 531, 533 (7th Cir. 2007). The Court is not being hyper-technical: Counsel has a professional obligation to analyze subject-matter jurisdiction, *Heinen v. Northrop Grumman Corp.*, 671 F.3d 669 (7th Cir. 2012), and a federal court always has a responsibility to ensure that it has jurisdiction, *Hukic v. Aurora Loan Servs.*, 588 F.3d 420, 427 (7th Cir. 2009). Based on Dr. Nagaraja's and Union's answers to Mr. Davis' Second Amended Complaint, the Court cannot determine whether it can exercise diversity jurisdiction over this case.

The Court **ORDERS** all of the parties to meet and confer, and conduct whatever investigation necessary, to determine whether this Court has diversity jurisdiction. If the parties agree that diversity jurisdiction is proper, they shall file a joint jurisdictional statement by **March 20, 2013** setting forth the basis for each of their citizenships and whether they agree that the amount in controversy exceeds $75,000, exclusive of interest and costs. The parties should review the Court's January 3, 2013 Order, [dkt. 9], to ensure that they are providing all of the information necessary for the Court to determine whether it can exercise diversity jurisdiction over this matter. If the parties cannot agree on their respective citizenships or the amount in controversy, any

---

[2] A corporation has two places of citizenship: where it is incorporated and where it has its principal place of business, *Smoot v. Mazda Motors of Am., Inc.*, 469 F.3d 675, 676 (7th Cir. 2006). Union's acknowledgment that it is a "domestic corporation" is insufficient – it must provide information regarding the state in which it is incorporated along with where its principal place of business is.

- 3 -

party who disagrees shall file a separate jurisdictional statement by **March 20, 2013** setting forth its view regarding the citizenship of each of the parties and the amount in controversy.

03/11/2013

_____
Hon. Jane Magnus-Stinson, Judge
United States District Court
Southern District of Indiana

**Distribution via ECF only:**

Jeremy Michael Dilts
CARSON BOXBERGER
dilts@carsonboxberger.com

William W. Drummy
WILKINSON GOELLER MODESITT WILKINSON & DRUMMY
wwdrummy@wilkinsonlaw.com

Jerry Avan Garau
GARAU GERMANO HANLEY & PENNINGTON, P.C.
jgarau@gghplaw.com

Edna M. Koch
ZEIGLER COHEN & KOCH
ekoch@zcklaw.com

Edward J. Liptak
CARSON BOXBERGER
liptak@carsonboxberger.com

Deborah K. Pennington
GARAU GERMANO HANLEY & PENNINGTON, P.C.
dpenning@gghplaw.com

Jennifer A. Strickland-Padgett
ZEIGLER COHEN & KOCH
jpadgett@zcklaw.com