UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

STEVEN LEON DAVIS, Individually and )
As Personal Representative of the Estate of )
MARY ALICE DAVIS, Deceased, )
         Plaintiff, )
   v. )   CASE NO. 2:12-CV-0373JMS-WGH
              )
WILLIAM RYAN SUTHERLAND, M.D., )
HIRISADARAHALLY NAGARAJA, M.D., and )
UNION HOSPITAL, INC., )
         Defendants. )

THIRD AMENDED COMPLAINT FOR DAMAGES
AND
DEMAND FOR TRIAL BY JURY

COUNT I

Plaintiff Steven Leon Davis, individually and as personal representative of the estate of

Mary Alice Davis, deceased, by counsel, for his cause of action against the defendants alleges

and states the following:

1.   At all relevant times mentioned herein, Steven Leon Davis was the lawful

husband of Mary Alice Davis ("Mrs. Davis").  He is a citizen of Illinois and the duly appointed,

acting, and qualified personal representative of the estate of Mary Alice Davis, having been so

appointed by the Edgar County Circuit Court, State of Illinois, Cause No. 2009-P-18, on April

15, 2009.  The decedent was a citizen of the state of Illinois.

2.   William Ryan Sutherland, M.D., is a citizen of Kentucky.  Hirisadarahally

Nagaraja, M.D., is a citizen of Indiana.  Union Hospital, Inc., is a domestic corporation

incorporated under the laws of Indiana with its principal place of business in Indiana.

3.   The amount in controversy, without interests and costs, exceeds the sum or value

of $75,000 as specified by 28 U.S.C. §1332.  In addition to the personal injuries and damages

1

alleged below, plaintiff incurred more than $ 963,000.00 in medical expenses on account of the

negligent treatment of Mrs. Davis.

4.      At  all relevant times mentioned herein, William Ryan Sutherland, M.D., Union

Hospital, Inc., and Hirisadarahally Nagaraja, M.D., were qualified health care providers pursuant

to I.C. 34-18-1-1 et seq.  Because each defendant is a qualified health care provider under the

Indiana Medical Malpractice Act, each defendant has liability coverage of $250,000.00, with

additional coverage from the Indiana Patient's Compensation Fund.  As a qualified health care

provider, each defendant is jointly and severally liable for all of plaintiff's damages.  Plaintiff's

damages exceed the sum or value of $75,000 exclusive of interests and costs as specified by 28

U.S.C. §1332.

5.      Pursuant to Indiana law, this claim was presented to a medical review panel which

issued a unanimous opinion on or about October 9, 2012, that William Ryan Sutherland, M.D.,

and Hirisadarahally Nagaraja, M.D., breached the standard of care.  A copy of the medical

review panel opinion is attached as Exhibit 1.

6.      At all relevant times mentioned herein, Mrs. Davis had a physician patient

relationship with William Ryan Sutherland, M.D., and Hirisadarahally Nagaraja, M.D.,

respectively.

7.      On or about July 19, 2007, Hirisadarahally Nagaraja, M.D., an endocrinologist,

commenced the care and treatment of Mrs. Davis for nodules in her left adrenal gland.

8.  Despite the fact that the adrenal nodules had a benign appearance on MRI and that

Mrs. Davis had no symptoms suggesting adrenal disease, Hirisadarahally Nagaraja, M.D.,

recommended surgery for "subclinical disease".

9.  On or about October 19, 2007, William Ryan Sutherland, M.D., commenced the care and treatment of Mrs. Davis and concurred in the recommendation for surgery to remove her left adrenal gland.

10.  William Ryan Sutherland, M.D., performed a laparoscopic adrenalectomy surgery on or about November 27, 2007 at Union Hospital, Inc.  Mrs. Davis also received care and treatment from Union Hospital, Inc., by its agents and employees.

11.  At the time of Mrs. Davis' surgery, William Ryan Sutherland, M.D., had been in private practice for three months following the completion of his training.  He had performed this procedure only four times during his surgical residency and never before in private practice.

12.  During his surgery on Mrs. Davis, William Ryan Sutherland, M.D., inserted a trocar through her colon which required him to convert from a laparoscopic to an open procedure to do a colon repair.  During the course of this repair and removal of the adrenal gland, William Ryan Sutherland, M.D., caused injury to the renal vein and splenic vein resulting in "torrential" bleeding and hemorrhagic shock.  Another surgeon was called in to repair the injuries to the renal vein and splenic vein.  It was also necessary to remove Mrs. Davis' spleen and distal pancreas.

13.  Mrs. Davis remained hospitalized at Union Hospital for nearly one month following this surgery.  During her admission at Union Hospital, William Ryan Sutherland, M.D., performed four additional surgeries including placement of a central line and ostomy for a perforated colon; exploratory surgery; tracheotomy for respiratory failure; and surgeries to washout her abdominal wound.  Mrs. Davis was treated for respiratory failure, suffered a foot drop, and had placement of a hemodialysis catheter for kidney failure.  Mrs. Davis had ongoing

infection and wound healing issues and was not getting better during her admission at Union

Hospital.

14.  Mrs. Davis' family requested that she be transferred from Union Hospital to Indiana

University Hospital.  On arrival at Indiana University Hospital, Mrs. Davis was urgently taken to

surgery to address an obvious evisceration of her intestines.

15.  Mrs. Davis remained hospitalized at Indiana University Hospital, Kindred

Healthcare, and Terre Haute Regional Hospital as she progressed from acute care to skilled care,

where she was weaned from the ventilator, and for rehabilitative care.  She was finally able to

return home on or about February 29, 2008, although still debilitated.

16.     The recommendation for surgery by Drs. Hirisadarahally Nagaraja and William

Ryan Sutherland was substandard for a diagnosis of "subclinical disease".   A reasonable

standard of care warranted at most a needle biopsy, or preferably just following the patient and

watching her adrenal gland.

17.     The surgery to remove her adrenal gland was unnecessary and was performed

without appropriate informed consent.  Mrs. Davis was not provided the option of non-operative

surveillance, was not informed of Dr. Sutherland's lack of experience, and was not offered

referral to a tertiary medical center for consultation and services.

18.     Dr. William Ryan Sutherland's surgical technique was substandard in causing

devastating injuries to this patient.

19.     The care provided by Union Hospital, by its agents and employees, was

substandard in permitting Dr. Sutherland, without adequate credentialing that he had the requisite

skill, to perform a laparoscopic adrenalectomy and by its nursing failure to act as patient

advocates when Mrs. Davis failed to improve while under his care.

20.  The care provided to Mrs. Davis by William Ryan Sutherland, M.D.; Hirisadarahally Nagaraja, M.D.; and Union Hospital, Inc., by its agents and employees, was negligent.

21.     As a direct and proximate result of the negligence of William Ryan Sutherland, M.D.; Hirisadarahally Nagaraja, M.D.; and Union Hospital, Inc., by its agents and employees, and each of them, Mrs. Davis endured additional surgical procedures including splenectomy and pancreatectomy; suffered debilitating injuries including respiratory failure, sepsis, DIC, renal failure; physical pain and suffering; emotional distress; and incurred hospital, medical, rehabilitation, other expenses, and lost wages, all of which continued until her death.

22.     As a direct and proximate result of the negligence of William Ryan Sutherland, M.D.; Hirisadarahally Nagaraja, M.D.; and Union Hospital, Inc., by its agents and employees, and each of them, Steven Leon Davis suffered loss of love and companionship and support of his wife, and incurred medical and other expenses and losses on account of her injuries.

WHEREFORE, Steven Leon Davis, individually and as personal representative of the estate of Mary Alice Davis prays for damages against the defendants, jointly and severally, in an amount which will fully and fairly compensate for these losses, the costs of this action, trial by jury, and for all other just and proper relief.

COUNT II

Plaintiff Steven Leon Davis, individually and as personal representative of the estate of Mary Alice Davis, deceased, by counsel, for his cause of action against the defendants alleges and states the following:

1.     At all relevant times mentioned herein, Steven Leon Davis was the lawful husband of Mary Alice Davis ("Mrs. Davis").  He is a citizen of Illinois and the duly appointed,

acting, and qualified personal representative of the estate of Mary Alice Davis, having been so appointed by the Edgar County Circuit Court, State of Illinois, Cause No. 2009-P-18, on April 15, 2009.  The decedent was a citizen of the state of Illinois.

2.       William Ryan Sutherland, M.D., is a citizen of Kentucky.  Hirisadarahally Nagaraja, M.D., is a citizen of Indiana.  Union Hospital, Inc., is a domestic corporation incorporated under the laws of Indiana with its principal place of business in Indiana.

3.       The amount in controversy, without interests and costs, exceeds the sum or value of $75,000 as specified by 28 U.S.C. §1332.  In addition to the personal injuries and damages alleged below, plaintiff incurred more than $963,000.00 in medical expenses on account of the negligent treatment of Mrs. Davis.

4.       At  all relevant times mentioned herein, William Ryan Sutherland, M.D., Union Hospital, Inc., and Hirisadarahally Nagaraja, M.D., were qualified health care providers pursuant to I.C. 34-18-1-1 et seq.  Because each defendant is a qualified health care provider under the Indiana Medical Malpractice Act, each defendant has liability coverage of $250,000.00, with additional coverage from the Indiana Patient's Compensation Fund.  As a qualified health care provider, each defendant is jointly and severally liable for all of plaintiff's damages.  Plaintiff's damages exceed the sum or value of $75,000 exclusive of interests and costs as specified by 28 U.S.C. §1332.

5.       Pursuant to Indiana law, this claim was presented to a medical review panel which issued a unanimous opinion on or about October 9, 2012, that William Ryan Sutherland, M.D., and Hirisadarahally Nagaraja, M.D., breached the standard of care.  A copy of the medical review panel opinion is attached as Exhibit 1.

6.      At all relevant times mentioned herein, Mrs. Davis had a physician patient relationship with William Ryan Sutherland, M.D., and Hirisadarahally Nagaraja, M.D., respectively.

7.      On or about July 19, 2007, Hirisadarahally Nagaraja, M.D., an endocrinologist, commenced the care and treatment of Mrs. Davis for nodules in her left adrenal gland.

8.  Despite the fact that the adrenal nodules had a benign appearance on MRI and that Mrs. Davis had no symptoms suggesting adrenal disease, Hirisadarahally Nagaraja, M.D., recommended surgery for "subclinical disease".

9.  On or about October 19, 2007, William Ryan Sutherland, M.D., commenced the care and treatment of Mrs. Davis and concurred in the recommendation for surgery to remove her left adrenal gland.

10.  William Ryan Sutherland, M.D., performed a laparoscopic adrenalectomy surgery on or about November 27, 2007 at Union Hospital, Inc.  Mrs. Davis also received care and treatment from Union Hospital, Inc., by its agents and employees.

11.  At the time of Mrs. Davis' surgery, William Ryan Sutherland, M.D., had been in private practice for three months following the completion of his training.  He had performed this procedure only four times during his surgical residency and never before in private practice.

12.  During his surgery on Mrs. Davis, William Ryan Sutherland, M.D., inserted a trocar through her colon which required him to convert from a laparoscopic to an open procedure to do a colon repair.  During the course of this repair and removal of the adrenal gland, William Ryan Sutherland, M.D., caused injury to the renal vein and splenic vein resulting in "torrential" bleeding and hemorrhagic shock.  Another surgeon was called in to repair the injuries to the

renal vein and splenic vein.  It was also necessary to remove Mrs. Davis' spleen and distal pancreas.

13.  Mrs. Davis remained hospitalized at Union Hospital for nearly one month following this surgery.  During her admission at Union Hospital, William Ryan Sutherland, M.D., performed four additional surgeries including placement of a central line and ostomy for a perforated colon; exploratory surgery; tracheotomy for respiratory failure; and surgeries to washout her abdominal wound.  Mrs. Davis was treated for respiratory failure, suffered a foot drop, and had placement of a hemodialysis catheter for kidney failure.  Mrs. Davis had ongoing infection and wound healing issues and was not getting better during her admission at Union Hospital.

14.  Mrs. Davis' family requested that she be transferred from Union Hospital to Indiana University Hospital.  On arrival at Indiana University Hospital, Mrs. Davis was urgently taken to surgery to address an obvious evisceration of her intestines.

15.  Mrs. Davis remained hospitalized at Indiana University Hospital, Kindred Healthcare, and Terre Haute Regional Hospital as she progressed from acute care to skilled care, where she was weaned from the ventilator, and for rehabilitative care.  She was finally able to return home on or about February 29, 2008, although still debilitated.

16.     Because Mrs. Davis had such a protracted period of infirmity on account of the malpractice herein, she was at risk for deep vein thrombosis (DVT) and was treated with anticoagulants including Coumadin.   Coumadin is associated with a risk of hemorrhage.  Mrs. Davis died from a cerebral hemorrhage on June 3, 2008.

17.     The recommendation for surgery by Drs. Hirisadarahally Nagaraja and William Ryan Sutherland was substandard for a diagnosis of "subclinical disease".   A reasonable

standard of care warranted at most a needle biopsy, or preferably just following the patient and watching her adrenal gland.

18.     The surgery to remove her adrenal gland was unnecessary and was performed without appropriate informed consent.  Mrs. Davis was not provided the option of non-operative surveillance, was not informed of Dr. Sutherland's lack of experience, and was not offered referral to a tertiary medical center for consultation and services.

19.     Dr. William Ryan Sutherland's surgical technique was substandard in causing devastating injuries to this patient.

20.     The care provided by Union Hospital, by its agents and employees, was substandard in permitting Dr. Sutherland, without adequate credentialing that he had the requisite skill, to perform a laparoscopic adrenalectomy and by its nursing failure to act as patient advocates when Mrs. Davis failed to improve while under his care.

21.  The care provided to Mrs. Davis by William Ryan Sutherland, M.D.; Hirisadarahally Nagaraja, M.D.; and Union Hospital, Inc., by its agents and employees, was negligent.

22.     As a direct and proximate result of the negligence of William Ryan Sutherland, M.D.; Hirisadarahally Nagaraja, M.D.; and Union Hospital, Inc., by its agents and employees, and each of them, Mary Alice Davis endured additional surgical procedures including splenectomy and pancreatectomy; suffered debilitating injuries including respiratory failure, sepsis, DIC, renal failure; incurred additional medical and treatment expenses, and died as a result of her injuries.

23.     As a direct and proximate result of the negligence of William Ryan Sutherland, M.D.; Hirisadarahally Nagaraja, M.D.; and Union Hospital, Inc., by its agents and employees, and each of them, Steven Leon Davis suffered the loss of love and companionship and support

9

on account of the death of his wife, and incurred funeral, burial, medical, and other expenses including attorneys' fees, and litigation expenses on account of her death.

24.     As a direct and proximate result of the negligence of William Ryan Sutherland, M.D.;  Hirisadarahally Nagaraja, M.D.; and Union Hospital, Inc., by its agents and employees, and each of them, the estate of Mary Alice Davis has incurred medical and hospital expenses, funeral and burial expenses, attorneys' fees, costs of administration, and litigation expenses on account of her death.

WHEREFORE, Steven Leon Davis, individually and as personal representative of the estate of Mary Alice Davis prays for damages against the defendants, jointly and severally, in an amount which will fully and fairly compensate for these losses, the costs of this action, trial by jury, and for all other just and proper relief.

Respectfully submitted,

GARAU GERMANO HANLEY & PENNINGTON, P.C.

/s/ Deborah K. Pennington
Deborah K. Pennington, #6559-36
Jerry A. Garau, #10822-49
151 N. Delaware Street, Suite 1515
Indianapolis, IN 46204
Phone:   (317) 822-9530; Fax:  (317) 822-9531

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on the 13th day of May, 2013, the foregoing pleading was filed

electronically with the United States District Court.  Notice of this filing will be sent to the

following attorneys of record by operation of the Court's electronic filing system, parties may

access this filing through the Court's system:

William Drummy
wwdrummy@wilkinsonlaw.com

Edward J. Liptak
Liptak@carsonboxberger.com

Jeremy Dilts
Dilts@carsonboxberger.com

Edna M. Koch
ekoch@zcklaw.com

Jennifer Padgett
jpadgett@zcklaw.com


                                              /s/Deborah K. Pennington